IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| DEBRA K. GIBBS,          )<br>                          )<br>    Plaintiff,          )<br>                          )<br>    v.                    )<br>                          )<br>WILSON, LLC, et al.,      )<br>                          )<br>    Defendants.           ) | CIVIL ACTION NO.<br>1:15cv645-MHT<br>(WO) |

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332. To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*

The complaint here is insufficient because it does not indicate the citizenship of two parties that are

---

    * In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the

'limited liability companies': Wilson, LLC, and Holiday Hospitality Franchising, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." Id. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

In addition, the plaintiff's complaint fails to meet § 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of Debra K. Gibbs and James R. Wilson, III. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.

---

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until November 4, 2015, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 28th day of October, 2015.

    /s/ Myron H. Thompson\_\_\_\_
    **UNITED STATES DISTRICT JUDGE**