IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA K. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:15cv645-MHT |
| | ) | (WO) |
| WILSON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 5, 2017, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

For Plaintiff:

Harry P. Hall, II
Ashton H. Ott
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, Alabama  36302

For Defendant:

Neal D. Moore, III
Setara C. Foster
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama  35242

Chris Hume
Ambrecht Jackson, LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602

**COUNSEL APPEARING AT PRETRIAL HEARING:**

For Plaintiff: Harry Hall

For Defendant: Neal D. Moore, III

2. **JURISDICTION AND VENUE:**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship of the parties. The amount in controversy exceeds the jurisdictional minimum as set by 28 U.S.C. §1332. The acts alleged and the event complained of occurred in Dothan, Alabama, which is served by the U.S. District Court for the Middle District of Alabama, Southern Division. The Defendant, Wilson, LLC, does not contest personal jurisdiction based on its contacts with the forum.

3. **PLEADINGS:** The following pleadings and amendments were allowed:

The Complaint and Answer of Wilson, LLC. A First Amended Complaint was allowed and an Answer to the Amended Complaint of the Defendant Wilson, LLC.

4. <u>CONTENTIONS OF THE PARTIES:</u>

At this time, the Parties are not sure what claims, if any, will survive summary judgment for trial. The contentions of the Parties, and the stipulated facts, may differ depending on how this Honorable Court rules on the Magistrate's Recommendations. The parties have cooperated to make as many stipulations as they can and acknowledge some stipulated facts may ultimately prove irrelevant or inadmissible depending on what claims (if any) survive. The parties ask for this Honorable Court's indulgence and patience should revised stipulations or contentions subsequently become appropriate.

(a) The Plaintiff

1. On or about September 15, 2013, the Plaintiff, Debra K. Gibbs, was a business invitee of

the Defendant, while on the business premises of Defendant, Wilson, LLC, located at 2740 Ross Clark Circle SW in Dothan, Alabama, as she was at the hotel as a guest and as such her presence was a material benefit to Defendant. Plaintiff was utilizing the covered walkway at the only public entrance door to Defendant's business and slipped and fell in a pool of vomit. Plaintiff was unable to see the pool of vomit due to the low lighting in the area. Defendant has a duty to maintain its premises in a safe condition, to inspect its premises for dangerous conditions and to eliminate dangers that are not open and obvious. Defendant is under a duty to warn invitees of dangers it cannot remove or eliminate.

2. Defendant, in an effort to fulfill its duty to eliminate dangerous conditions at its hotel, had a policy of having the night desk clerk walk the property, including the area where Plaintiff fell, several times per shift to check for conditions that

were potential hazards for invitees. On the night Plaintiff fell, the Defendant's employee on duty was Mr. Unta Daniels. Mr. Daniels failed to perform the inspections required by the hotel to maintain the property in a reasonably safe condition. As a result of Mr. Daniels' failure to inspect the property, the Plaintiff was exposed to a hidden danger and thereby caused to fall and be injured. Mr. Daniels agreed the vomit in which Plaintiff fell was a hidden condition and would not be easily seen. The dangerous condition was hidden by the low level lighting in the entrance area where Plaintiff fell. The area is so poorly lit that it was very difficult for Plaintiff or her husband to see the liquid in the area where Plaintiff fell. Plaintiff's husband walked past the pool of vomit just prior to Plaintiff's fall and did not see it.

    3. If the Defendant's employee had performed his safety inspections as he was supposed to, he would

have had an opportunity to discover and remove the hidden pool of clear vomit.

4. When Plaintiff fell in the vomit, she felt the vomit on her skin and found it to be cool. The night air was approximately 70 degrees Fahrenheit and the vomit had cooled from body temperature to feeling cool to the touch. The vomit had to have been present long enough to cool from body temperature of 97-99 degrees Fahrenheit.

5. After Plaintiff fell, she and her husband reported the fall to Mr. Daniels who was working at the night desk just inside the hotel entrance doors. The doors are glass and are clear so that a person on either side can see through to the other side. The Plaintiff's husband complained to Mr. Daniels that Plaintiff was injured when she fell in a pool of vomit. After the Plaintiff and her husband went to their room, Mr. Daniels went outside and used a hose to wash the vomit off the area where Plaintiff fell.

6. As a result of Defendant's negligence, Plaintiff sustained serious, painful and permanent injuries. These include injuries to her right hand, elbow, shoulder, neck and back. Plaintiff's injuries from her fall at Defendant's business required her to have multiple surgeries and will require her to have surgery in the future. Plaintiff has lost time from work, has incurred lost wages, lost ability to earn wages, has incurred expenses associated with her medical treatment and must pay her medical insurer back for the amounts paid for her treatment related to this injury. Further, Plaintiff has suffered pain, mental anguish and worry over her physical condition and financial problems caused by this fall and her injuries.

7. The pool of vomit at Defendant's business was a hidden condition due to the low lighting maintained by Defendant. The Defendant knew or should have known of the dangerous condition, as it had been

present for long enough to have been detected by the Defendant. The Defendant knew or should have known the lighting at the entrance area was too low and would make it difficult for invitees to see liquids on the ground.

8. The night after Plaintiff's fall, Plaintiff contacted the Holiday Inn website and complained about her fall at the Holiday Inn in Dothan. As a result of Plaintiff's email to the Holiday Inn website, Defendant Wilson, LLC was notified of the incident and advised to contact Plaintiff to address her complaints. On Monday, September 16, 2013 (the day after Plaintiff fell) the hotel manager for Wilson, LLC contacted Mr. Daniels to determine what happened. The Hotel Manager, Ms. Kim Brown, agreed this report of a complaint should have triggered an investigation into the facts surrounding the Plaintiff's fall. No such report was ever prepared.

The Defendant had in place at the time of Plaintiff's fall, a video security camera pointed at the entrance doors near where Plaintiff fell. This camera recorded to a server that maintained footage of the lobby and front doors for 30 days before being recorded over by new footage. On or about October 3, 2013, Ms. Brown received a letter from an attorney representing Plaintiff outlining the events leading up to Plaintiff's fall in vomit at the hotel on September 15, 2013 and her injuries from this fall. This letter placed Wilson, LLC on notice of a claim by Plaintiff for damages. Accompanying this letter was another letter from Ms. Gibb's prior counsel requesting that the hotel preserve any video surveillance (the "Preservation Letter"). The Preservation Letter made several references to a separate incident at another location not related to Defendant's premises in Dothan, Alabama, but taken together with the accompanying letters outlining the Plaintiff's fall in vomit at the

Holiday Inn in Dothan. The Preservation Letter placed Defendant on notice of a claim and Defendant should have preserved the video surveillance from the night of Plaintiff's fall. If Defendant had preserved the video surveillance of the night of Plaintiff's fall, Plaintiff could have shown this court and the jury in this case the exact time of the last person coming through the entrance doors and would have been able to determine when the vomit was deposited on the ground where Plaintiff fell.

9. Defendant's actions in deleting the video surveillance footage after being placed on notice of a claim regarding Plaintiff's fall constituted spoliation and the jury should be advised accordingly.

10. Plaintiff is entitled to compensatory damages to address her injuries, pain, financial losses and her mental anguish over her fall, her physical condition, her inability to work and her dire financial condition as a result of her fall.

(b) The Defendant

Wilson, LLC, contends Mrs. Gibbs' unfortunate accident had nothing to do with the lights outside the hotel. There has never been any similar type of accident or injury at the hotel before. The lights at the entrance are brighter than what is required by the applicable building code in Dothan, Alabama. Mrs. Gibbs fell because she did not notice a two-and-a-half to three-foot pool of clear vomit as she walked into the hotel at two o'clock in the morning. A hotel is not automatically liable to a guest simply because a guest may slip and fall on her way into the hotel. Instead, Mrs. Gibbs must prove the hotel was kept in an unreasonably dangerous condition and that she was using reasonable and typical caution when she entered the hotel that morning. Mrs. Gibbs and her husband were guests of the hotel and were returning from Center Stage where they had spent the last seven hours gambling. As she approached the hotel, Mrs. Gibbs was

11

walking fast, cutting up with her husband, and admits she was not really paying attention. She never looked down to observed the clear vomit before she fell in it. The nighttime lights at the entrance to the hotel exceed the building code requirements and the pool of vomit was observable, open and obvious to Mrs. Gibbs as she entered the hotel that morning if she had exercised common care. Nobody at Wilson, LLC, knew there was vomit outside the hotel, nor had any reason to foresee vomit, much less clear vomit, might be outside the hotel. In Alabama, a hotel is not an insurer against anything that may happen to a hotel guest and in this case Wilson, LLC, kept the property in a reasonably safe condition as required by law.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

**PLAINTIFF'S STIPULATED FACTS**

| Tab | Fact |
|---|---|
| 1 | Diversity Jurisdiction of this Court is proper under 28 U.S.C. §§ 1332 (a) (i) and (c)(i). |
| 2 | Venue of this action is proper pursuant to 28 |

|   |   |
|---|---|
|   | U.S.C. § 1391 (b). |
| 3 | Plaintiff Debra Gibbs is an adult resident of Florida. |
| 4 | Defendant Wilson, LLC is an Alabama Limited Liability Company based in Dothan Alabama. |
| 5 | This Court has personal jurisdiction over Defendant, Wilson, LLC, based on Defendant's contacts with this district and division including, but not limited to, Defendant conducting business in this district. |
| 6 | Wilson, LLC did, in September 2013, operated a business and/or lease a building located at 2740 Ross Clark Circle SW, Dothan, Alabama. This Business operated with the trade name, "Holiday Inn." |
| 7 | On September 14, 2013, Debra Gibbs and her husband, Barry Gibbs checked into Wilson, LLC's hotel located at 2740 Ross Clark Circle SW in Dothan, Alabama as guests. |
| 8 | On September 15, 2013, Debra K. Gibbs, while at Defendant Wilson, LLC's hotel, and as a business invitee of the Defendant, was utilizing the covered walkway at the entrance door of Defendant's business and slipped and fell in a pool of vomit. |

# DEFENDANT'S STIPULATED FACTS

| Tab | Fact |
|---|---|
| 1 | Mrs. Debra Gibbs and her husband Barry were guests of the Holiday Inn Dothan over the weekend of September 14 - 15, 2013 |
| 2 | The Gibbs checked in on Saturday the 14th at around 5:00 p.m. and ate dinner across the street. |
| 3 | They returned to the hotel to get dressed for an evening out, and left at approximately 7:00 p.m. for Center Stage. |
| 4 | They drove back to the Holiday Inn Dothan, arriving at approximately two o'clock in the morning on Sunday, September 15, 2013. |
| 5 | The Gibbs parked in the parking lot and began walking to the hotel. |
| 6 | Mrs. Gibbs was not watching her feet before she fell. |
| 7 | The entrance to the hotel where the Gibbs were walking is lighted. |
| 8 | No employee of the hotel was on notice of a clear pool of vomit outside the hotel. |

\*\*\*

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three days, are set for June 19, 2017, at 10:00 a.m. at the United States Courthouse in Dothan, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;**

**(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how**

the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by June 9, 2017;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 22) entered by the court on January 4, 2016, as amended; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 5th day of May, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**